UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE TORRES,

    Petitioner,

v.

PAUL LOAZANO,

    Respondent.

No. 2:18-cv-3136 MCE KJN P

ORDER

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2015 conviction for first degree burglary. On March 22, 2019, respondent filed a motion to dismiss this action because the petition is not fully exhausted. Petitioner has not filed an opposition to the motion.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id. Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order

> states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

The petition for review filed in the California Supreme Court did not include petitioner's ineffective assistance of counsel claim (claim two). (ECF No. 13-3 at 1-44.) Petitioner did include his claims of instructional error (claim one), and insufficient evidence (claim three). (Id.) Thus, respondent argues that the instant federal petition is a "mixed petition," because it contains both exhausted and unexhausted claims.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). Here, although petitioner has exhausted his first and third claims for relief, he failed to raise his second claim alleging ineffective assistance of counsel before the California Supreme Court. Thus, his second claim is not exhausted, and the instant petition is a mixed petition.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must generally be dismissed, with leave to file an amended petition containing only exhausted claims. Alternatively, under Rhines v. Weber, 544 U.S. 269 (2005), a district court may, in limited circumstances, stay a mixed petition pending exhaustion of unexhausted claims if: (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Granting a stay under these circumstances requires that reasonable time limits be imposed. Id. at 277-78.

////

Therefore, petitioner is granted thirty days to file a request for stay in this action. The request must address each Rhines factor set forth above. Thereafter, the court will determine whether to stay this action pending a decision by the California Supreme Court on petitioner's third claim, or whether to dismiss the instant petition with leave to file an amended petition that raises only exhausted claims.[1] [2]

Accordingly, IT IS HEREBY ORDERED that petitioner shall file, within thirty days from the date of this order, a request to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: April 18, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/torr3136.mtd.hc.mix

---

[1] Petitioner is cautioned that if this action proceeds on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claim in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[2] Petitioner is not required to await resolution of the pending motion to dismiss before returning to state court to properly exhaust his state court remedies. In the event that petitioner exhausts any claims in the California Supreme Court prior to this court's resolution of the pending motion, petitioner is advised to file a notice of exhaustion in this court.